UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVIS DIXON | CIVIL ACTION |
| VERSUS | NO. 12-1002 |
| DYNAMIC INDUSTRIES, INC., ET AL | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on motion to dismiss filed by the plaintiff. Rec. Doc. 47. The plaintiff seeks the dismissal without prejudice of two defendants, Innovative Manpower Solutions, L.L.C. ("Innovative") and Dynamic Industries, Inc. ("Dynamic"). Both Innovative and Dynamic oppose. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

According to the plaintiff's first amended complaint, the plaintiff is suing under the Jones Act and general maritime law for injuries allegedly sustained while working for Dynamic and/or Innovative on a boat owned by Whitewater involved in the cleanup of an oil spill into the Yellowstone River in Montana. Rec. Doc. 24. The plaintiff, Dynamic and Innovative are Louisiana citizens, but Whitewater is a Montana corporation with its only place of business in Missoula, Montana and no contacts with Louisiana sufficient to support personal jurisdiction over it. Twenty days after this

Court dismissed Whitewater for lack of subject matter jurisdiction, the plaintiff's suit was re-filed in Montana state court, where it remains pending. Rec. Docs. 41, 47-2. A first trial is set for March 11, 2013, in this matter. The plaintiff seeks dismissal of these two remaining defendants without prejudice under Fed. R. Civ. P. 41(a)(2) in order to proceed against all defendants in Montana state court.

Dynamic and Innovative argue that they will be prejudiced if the litigation in Montana proceeds because they have propounded written discovery to the plaintiff and requested various medical, employment, criminal and wage records regarding the plaintiff in preparation for the trial, participated in a discovery and scheduling conference, and that, at the time of the opposition, eight months has passed since suit was filed. Rec. Doc. 53 at 3. Alternatively, Dynamic and Innovative seek reasonable attorney's fees and expenses, and the plaintiff's agreement that discovery in this case can be used in the Montana litigation. *Id.* at 9.

The decision whether to grant a voluntary dismissal under Rule 41(a)(2) is a discretionary one. 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2364 (West 2008). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tipath Imaging, Inc.*, 279 F.3d 314, 317

(5th Cir. 2002). Plain legal prejudice can occur when the dismissal causes the non-movant to be stripped of an otherwise available legal defense or when the timing of the motion is at a late stage in the litigation, especially where the movant suffered adverse legal decisions prior to the motion for voluntary dismissal. *Robles v. Atlantic Sounding Co., Inc.*, 77 Fed.Appx. 274 (5th Cir. 2003). Plain legal prejudice can result when the second forum will apply a different body of substantive law. *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174-75 (5th Cir. 1990). The defendants rely on *Elbaor*, 279 F.3d at 318, which cited to *Witzman v. Gross*, 148 F.3d 998, 992 (8th Cir. 1998), for the proposition that the following factors be considered: (1) the defendant's effort and the expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. Rec. Doc. 53 at 4.

Here, Montana provides the only venue where all of the defendants can be tried together. The plaintiff has stipulated that the documentary discovery in this case can be used in the Montana litigation, and that it satisfies the business record exception to the hearsay rule. Rec. Doc. 56-2 at 15. The amount of pre-trial preparation has been minimal because of the personal jurisdiction issue and because of the plaintiff's

diligence in re-filing suit in Montana and filing this motion. The Court finds that if there is prejudice to either of the defendants opposing this motion, it is insufficient to warrant denial.

Accordingly,

IT IS ORDERED that motion to dismiss Innovative Manpower Solutions, L.L.C. and Dynamic Industries, Inc. without prejudice filed by the plaintiff is GRANTED. Rec. Doc. 47.

New Orleans, Louisiana, this 16th day of January, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT